**IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**JAMES GRAY,**

        Petitioner,

    v.

**USA,**

        Respondent.

**Crim. Action No.   5:20-CR-44**
**Civil Action No.   5:22-CV-190**

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

On August 11, 2022, James Gray ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 5:22-CV-190 Doc. 1; Criminal Action Number 5:20-CR-44 Doc. 76].[1]   The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.   For the reasons stated below, the undersigned recommends that the District Judge dismiss petitioner's motion without prejudice as premature.

### II.      PROCEDURAL HISTORY

**A. Conviction and Sentence**

On December 1, 2020, the United States Attorney filed Information charging petitioner with one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On May 11, 2021, a jury returned a verdict of guilty.  Petitioner

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

was sentenced to 120 months incarceration with supervised release of 3 years and a special assessment of $100.00.

## B. Post-Trial Motion

On July 4, 2021, petitioner filed a post-trial motion for a new trial. The government responded on July 8, 2021. The Court entered an Order denying the motion on July 14, 2021.

## C. Appeal

On August 21, 2021, petitioner filed a Notice of Appeal. Petitioner's appeal is still pending with the Fourth Circuit.

## D. Federal Habeas Corpus

On August 11, 2022, petitioner filed the instant petition. The petition raises a claim of ineffective assistance of counsel. As summarized by Petitioner:

> My Attorney Frank Walker was wrong when he told me about my plea. He told me that I scored out to 110-137 months. I was only facing 120 months max. After PSI I find out that I only scored to 70-87 months. If I was offered that I would have taken it.

Petitioner requests no particular relief; however, the undersigned assumes that Petitioner is seeking to have his sentence vacated and to be re-sentenced.

### III.    ANALYSIS

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any

action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." ***Dayton Indep. School Dist. v. United States Mineral Prods. Co.***, 906 F.2d 1059, 1063 (5th Cir. 1990).   Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal.   ***See Mary Ann Pensiero, Inc. v. Lingle***, 847 F.2d 90, 98 (3rd Cir. 1988).   "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously."   ***United States v. Swint***, 2007 WL 675340 (E.D. Pa. Feb. 27, 2007) (internal citations and quotations omitted).

In this case, the issues raised by Petitioner in his § 2255 motion are not "uniquely separable" and collateral from a decision on the merits of his appeal.   Rather, a decision favorable to Petitioner in these proceedings would clearly alter the status of the case as it rests before the Court of Appeals.   Thus, Petitioner's § 2255 motion should be dismissed as premature.   ***Walker v. Connor***, 2003 WL 21660483 (4th Cir. 2003) (unpublished).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 5:22-CV-190 Doc. 1; Criminal Action Number 5:20-CR-44 Doc. 76**] be **DISMISSED without prejudice as premature**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and**

3

**the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  September 19, 2022.

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

4